SAMUEL BARON, Respondent, *v.* AARON BRUMMER et al.,
Appellants.

A policy of insurance for the benefit of a wife upon the life of her hus-
band · is not assignable except in the cases where assignments are author-
ized by statute, and an assignment thereof by her cannot be compelled
by a decree of the court, nor can the avails thereof be appropriated in
advance by operation of law to the payment of debts, or subjected to the
lien of creditors either of herself or her husband.

As to whether after the policy has fallen due and the avails thereof have
been paid over to the wife and invested in other property, this may be
reached by her creditors, *quære.*

The act of 1879 (Chap. 248, Laws of 1879), which authorizes a wife to
assign the policy with the assent of her husband, does not affect her
right to an exemption thereof from any claim of her creditors.

Under the provision of the acts, amending the act of 1840 (Chap. 80, Laws
of 1840), which limit the exemption contained in the original act, of such
policies, from claims of the husband's creditors, by declaring that where
the amount of the premium annually paid out of the funds or property
of the husband exceeds a sum specified, the exemption shall not apply to
such portions of the premium as are in excess of the sum specified
(Chap. 187, Laws of 1858; chap. 656, Laws of 1866; chap. 277, Laws of
1870), where the premiums so paid, after the contracting of a debt by
the husband, do not exceed the sum limited, the creditor can acquire no
lien, although prior to the contracting of the debt premiums were
so paid in excess of that sum.

(Argued October 7, 1885 ; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Supreme
Court, in the first judicial department, entered upon an order
made June 1, 1883, which affirmed a judgment in favor of
plaintiff, entered upon a decision of the court on trial at Special
Term.

The nature of the action and the material facts are stated in
the opinion.

· *Alex. Blumenstiel* for appellants. The policy was unas-
signable. (*Brummer* v. *Cohn*, 86 N. Y. 11; 57 How. 386.)
It could not be levied upon in a creditor's suit. (Code,
§§ 1411, 1412; 2 R. S. 273, §§ 38, 39; *Campbell* v. *Foster*,

35 N. Y. 366, 370; *Graff* v. *Bonnett*, 31 id. 9; 35 id. 371; *Hains* v. *Van Voorhis*, 15 Abb. [N. S.] 79.) The argument that this policy is to be governed by the law as it stood when it was taken out is fallacious. (*Stockey* v. *Hunt*, 3 Denio, 274; *Sullivan* v. *Brewster*, 1 E. D. Smith, 681; *Miller* v. *Moore*, id. 739; *McLaren* v. *Penneyton*, 1 Paige, 102; *Butler* v. *Palmer*, 1 Hill, 324; *Dikeman* v. *Dikeman*, 11 Paige, 484.) A statute modifying the exemption laws, life statutes changing the practice in suits, affects the remedy only and not the contract. (*Hone* v. *Gould*, 11 N. Y. 381; 4 Wheat. 122, 200; 12 id. 370; 9 Peters, 328; 2 Kent, 397; 2 Story on Cont. 251, 268; *Waltmore* v. *Westover*, 14 N. Y. 16; *Smilie* v. *Quinn*, Week. Dig., Dec. 30, 1881; 25 Hun, 332.)

*Julien T. Davies* for respondent. If a receiver is appointed in this proceeding, he will become vested with the defendant's title to this policy, without assignment on her part, merely in virtue of his nomination by the court. (*Swartout* v. *Swartout*, 5 Redf. 497; *Lederer* v. *Ehrenfeld*, 49 How. Pr. 403; *Smiley* v. *Quinn*, 90 N. Y. 492; 25 Hun, 332.) The judgment of this plaintiff to which it is sought to apply this policy, being a joint one against both of these defendants, a court of equity will compel the application of this property to this joint debt. (Revisers' notes, 5 R. S. [2 Edm. ed.] 585.) The act of 1879 destroys the exemption of this policy as against creditors having a joint judgment, against both husband and wife. It affects the remedy and not the debt. (*Morse* v. *Gould*, 11 N. Y. 281.) The provision of the law is retroactive in express terms, and is constitutional as it affects the remedy and not the debt. (*Morse* v. *Gould*, 11 N. Y. 281.) As to the husband's creditors the policy in suit is an ordinary life insurance policy, and subject to the claims of those creditors. (*Charter Oak Ins. Co.* v. *Brunett*, 47 Mo. 419.) Even if this policy is a statutory policy and as such cannot be subjected as a whole to the claim of this plaintiff, the sum paid in excess of the statutory premium of $300 per annum is liable for plaintiff's judgment. (Laws

of 1840, chap. 80 ; Laws of 1866, chap. 277 ; Laws of 1870, chap. 227 ; *Fern* v. *Ward,* 65 Ala. 33.)

MILLER, J.   This action is in the nature of a creditor's bill brought by the plaintiff for the purpose of charging a policy of insurance, taken out in favor of the defendant Peane Brummer, the wife of defendant Aaron Brummer, upon his life, with the payment of a judgment recovered by plaintiff against said defendants.   The policy was issued on the 12th of May, 1868, and was payable on the 12th of May, 1883, or sooner if the husband should die in the mean time.

It was proved on the trial that there had been paid in premiums on the policy the aggregate sum of $5,896.97, which the court found was paid by defendant Aaron Brummer out of his funds and property.   It also appeared and was found, that $357.40 was paid by defendant Joseph Herzfeld at the request of Peane Brummer.   There was also a finding by the court to the effect that there was paid on said policy in excess of $500 in each year, the sum of $1,338.60.   It appeared, however, that no premium in excess of that sum was paid by the husband after the contracting of plaintiff's debt.   The court also found as conclusions of law that the policy was assignable, and that the plaintiff had a lien upon the same, and directed that a receiver be appointed and that the defendants, Aaron and Peane Brummer, assign the policy to the receiver.   Exceptions were taken to various rulings of the court upon the trial, and the defendants, Aaron and Peane Brummer, appealed to the General Term of the Supreme Court, where the judgment was affirmed and an appeal was taken to this court.

In order to obtain the moneys arising from the policy it must be assigned by the defendants or by operation of the decree appointing the receiver and directing the assignment.

The current of authorities has been uniform in favor of the position that policies of this character are not assignable (*Eadie* v. *Slimmon,* 26 N. Y. 10 ; *Barry* v. *Equitable Life A. Co.,* 59 id. 594; *Barry* v. *Brune,* 71 id. 262 ; *Wilson* v. *Lawrence,* 76 id. 585 ; *Brummer* v. *Cohn,* 86 id. 11.)   In *Brummer* v.

*Cohn* (*supra*), an action was brought by the plaintiff to set aside an assignment of this identical policy, and it was held that it was not assignable save in the cases where assignments are authorized by statute.

Under that decision, this policy was not the subject of assignment by Mrs. Brummer, and such being the case it is very clear that the court could not by decree compel her to assign what has been determined in this court to be unassignable, or by operation of law appropriate the avails of the policy the same as if it had been assigned for the payment of the debt of the assignor.

There is no force in the position that this policy is a chose in action as to creditors and can be reached by the appointment of a receiver in proceedings for that purpose. The law of 1840 (Chap. 80) exempts policies of insurance on the life of the husband for the benefit of the wife from the claims of the representatives of the husband or of any of his creditors, except where the amount of premium paid exceeded a certain sum per annum, and this provision was followed subsequently by amendments of a kindred character which established a settled policy of the legislature to relieve life insurance policies in certain cases from the payment of the debts of creditors. Under these various provisions it was the intention of the legislature, as settled and determined by the courts in the cases already cited, that such policies should not be subjected to the lien of creditors either of the husband or the wife; as to the former by the express words of the statute, and as to the latter by the determination of the courts, and there is no ground for claiming that either the policy or the proceeds which might arise from the same before such payment is made, are subject to be reached in advance by a creditor, or that the policy can be assigned and held by the decree of a court of equity for the benefit of creditors, until it becomes due and payable.

The question whether after the money has been paid and the avails invested in other property, which could be so reached, is not now presented. Whether it could be thus appropriated can have no effect upon the determination of the question now

before us. The rights of the parties as they now exist are the subject of consideration, and not any changed condition which may arise in the future.

' The fact that the judgment is against both, husband and wife, does not affect the question arising as to the rights of the wife, nor are they changed because she has no children. The statute makes no exception which has in view any special change of circumstances, and it must be held to apply generally in all cases. The act of 1879 (Chap. 248), which authorizes the wife to assign the policy with the consent in writing of the husband, can have no effect upon the exemption because the judgment is against both the husband and wife. It has no application where there has been no assignment with the consent of the husband.

It is insisted by the respondent's counsel that the amount of the premiums paid upon this policy forbids that it be regarded, as against the plaintiff, as issued under the act of 1840, and the amendments thereof, and reliance is placed upon the provisions of chapter 187, Laws of 1858, as amended by chapter 656 of the Laws of 1866, amending the act of 1840, which provides that the sum insured in the case of a policy taken out under the statute shall be applied to the use of the widow free from the claim of a representative of the husband or any of his creditors, but that such exemption shall not apply where the amount of premium annually paid out of the funds or property of the husband shall exceed $300, and on the subsequent statute (Chap. 277, Laws of 1870) by which the limit of the premium is increased to $500, and it is provided that the exemption shall not apply to so much of the premiums paid in any one year as shall be in excess of $500. These provisions together will not bear the construction contended for. The effect of the act of 1870 was that the policy was to be exempted from creditors, or from any person claiming under the holder, unless the amount of annual premium exceeded the sum of $500, and where the amount paid out of the funds or property of the husband was over $500, the lien of the creditor might attach to the excess of premium so paid. Beyond this no lien or claim could exist

in favor of creditors, and no action could be maintained for the purpose of reaching any portion of the amount insured.

Although the policy was taken out in 1868, yet the debt of the plaintiff was contracted in 1876. As the law stood at that time, the payment of the premium in each year constituted a new contract. The statutes which relate to the subject, and which amend the original act, are mere enabling laws and relate only to the remedy. They are, therefore, constitutional and valid, so far as they affect the obligation of the contract.

The claim of the plaintiff that he is entitled to any excess for annual premiums paid over $300, or of any other amount, is not well supported. As we have seen by the act of 1870, the excess on which the creditor may obtain a lien must be over $500, and as the debt was contracted in 1876, and no excess over $500 annually was paid after that period, no claim is established by the plaintiff on account thereof.

There is another ground which interferes with the right of the plaintiff to enforce his lien as to the excess of premium paid annually over $500. There was no proof to show that any of the premiums were paid by the husband. The only proof on the subject is the introduction on the trial of the statement of the insurance company showing the amount of premiums paid in cash on account of the policy. It does not appear that any of these were paid by the husband, and the finding of the court that the premiums were paid by the defendant, Aaron Brummer, out of his funds and property, is without sufficient evidence to support it. To this finding a proper exception was taken.

As the evidence stood we think the court erred in denying the motion of the defendant's counsel to dismiss the complaint.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.