STEPHEN B. M. STOKES, AS SOLE TRUSTEE FOR THE BENEFIT OF MARY A. HEWETT, UNDER THE LAST WILL AND TESTAMENT OF CAROLINE L. STOKES, RESPONDENT, *v.* RICHARD AMERMAN AND OTHERS, APPELLANTS, IMPLEADED WITH THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

*Substituted trustee — authority of, to enforce a judgment recovered by his predecessor — right of a creditor to recover the proportion of a premium of insurance, which exceeds $500, paid on a policy for the benefit of his debtor's wife.*

A party appointed trustee under a will, in the place of a trustee by whom a judgment has been recovered against his co-trustee for waste of the trust funds, becomes, by virtue of his appointment, vested with the legal title to such judgment and a judgment-creditor of the defaulting trustee.

Where a debtor applies for a policy of insurance upon his own life for the benefit of his wife, the annual premium paid for which policy amounts to over five hundred dollars a year, his creditor may, during the lifetime of the assured, maintain an action to recover so much of the premium paid by the debtor, as exceeds five hundred dollars.

*Baron* v. *Brummer* (100 N. Y., 372) distinguished.

APPEAL by the defendants, Richard Amerman, Eleanor Amerman and Frances H. Walker, from an interlocutory judgment, entered in the office of the clerk of the county of Kings on the 19th day of July, 1889, overruling the demurrers interposed by said defendants to the plaintiff's complaint, and adjudging that the plaintiff recover of the defendants the sum of sixty-nine dollars and ninety-nine cents, the costs of this action, and have judgment against the aforesaid defendants, unless the said defendants withdraw their said demurrer and answer the complaint herein within twenty days after the service of a copy of this judgment and notice of the entry thereof.

The action was brought to recover certain sums of money paid in the form of premiums of insurance upon a policy of insurance for the benefit of Eleanor Amerman, the wife of the assured, if she survived him, and, if not, for her child, Frances H. Walker, issued upon the life of her husband, Richard Amerman, and to obtain an adjudication that the plaintiff had a lien on said policy and the benefits thereof to the extent of his interest therein, and that such

provision be made for the due enforcement and protection of his rights as may be just.

*David Willcox* and *L. E. Opdyke*, for the appellants.

*Charles J. Patterson*, for the respondent.

BARNARD, P. J.:

The complaint states facts which make a good cause of action. The plaintiff is now the sole trustee under the last will and testament of Caroline L. Stokes, deceased.

The defendant Richard Amerman was once one of the trustees under that will, but for waste of the funds was permitted to resign, and the remaining trustees recovered a judgment against him for the amount of such waste and misappropriation of the trust funds.

This judgment was recovered on the 5th of November, 1886, and filed on the same day in the clerk's office of the city of New York. Execution was at once issued, but was returned unsatisfied. The amount of the judgment was $4,537.58,' with interest from February 1, 1873.

The plaintiff was appointed sole trustee in 1881, and not only took the trust estate by force of the appointment, but took an assignment of the estate from the old trustee.

The plaintiff has the legal title to the judgment with power to sue upon it in his own name as trustee, and this makes him a judgment-creditor of the defendant in legal signification. In 1871, the defendant Eleanor Amerman caused her husband, the judgment-debtor, to be insured in the Equitable Life Assurance Society for $20,000 for her benefit if she survived her husband. The application was made by the debtor, and he has paid out of his property and funds over $500 in yearly premiums for each year. The husband and wife are still living. It is not necessary that the husband be dead, and that the wife survive to give the creditor a right of action for the excess. The debtor's money has been put into the policy. Chapter 80 of Laws of 1840, and the amendatory acts (Laws of 1858, chap. 187; Laws of 1870, chap. 277) make the loss payable to the wife, free of creditors' claims in case she survives her husband. Then follow the words which permit this action: "But when the premium paid in any year out of the property or funds of the husband

shall exceed five hundred dollars, such exemption from such claims shall not apply to so much of said premium so paid as shall be in excess of five hundred dollars, but such excess, with the interest thereon, shall inure to the benefit of his creditors." Under this law the premium paid would all be subject to claim of creditors. The law only exempts $500 of yearly premium.   In *Baron* v. *Brummer* (100 N. Y., 372), which was a precisely similar action to this one, the Court of Appeals held that payments in excess of $500 could not be reached by a creditor whose debt was contracted after the payment of the premiums sought to be reached.   The court apparently saw no objection to the action itself being brought while both husband and wife were living.

Assuming a right of action, it is immaterial to discuss objections which go merely to the form of the decree.

The judgment should, therefore, be affirmed with costs.

Dykman, J., concurred; Pratt, J., not sitting.