HANNAH S. BRICK, Appellant, *v.* ROBERT CAMPBELL, Respondent.

Prior to the enabling act of 1879 (Chap. 248, Laws of 1879), a married woman who had a child or any issue of a child living, had no power to assign a policy of insurance issued pursuant to the act of 1840 (Chap. 80, Laws of 1840), upon the life of her husband, for her benefit, during the life of her husband. The act of 1873 (Chap. 821, Laws of 1873) simply authorized an assignment of such a policy where the beneficiary had no child or issue of any child living.

The beneficiary is not estopped from contesting the validity of such an assignment by the fact that it contains a covenant to the effect that it is valid and sufficient, and that whenever required the assignor will, in order to carry out the design of the instrument, do any act necessary for that purpose.

Such an assignment was not validated by the removal of the disability by the said act of 1879.

The wife's right to avoid such an assignment, in the absence of any act, order or action, after the disability was removed, recognizing its validity, is not barred by delay in seeking to reclaim the policy for a period within

Statement of case.

that prescribed by the, Statute of Limitations, nor will mere delay short of that period suffice to validate the assignment.

The general enabling acts in relation to married women and their separate property, have no reference or applicability to such a policy, and only in those cases and to the precise extent which the statutes have authorized, can the beneficiary assign it.

To bring an insurance by a wife upon the life of her husband within the provisions of said act of 1840, it is not essential that it should appear by the terms of the policy or by extrinsic evidence, that it was the intention of the assured to avail himself of the provisions of that act; the intention is to be presumed from the beneficial nature of the policy.

The omission to provide in the policy for the disposition of the fund in case of the death of the wife before her husband, or a statement in the application that the insurance is for the benefit of the wife .solely, does not rebut the presumption that in taking the policy the wife had in view said act.

The fact that such a policy was issued by a corporation created under the laws of another state, does not affect its assignability, in the absence of evidence that under the laws of such other state it is assignable.

*It seems*, that in an action brought by a married woman to compel the reassignment of such policy, in case it appears that defendant has paid any premiums thereon, the repayment thereof should be made a condition of granting the relief.

(Argued April 30, 1890; decided October 14, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 7, 1888, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jacob F. Miller* for appellant. The policies were not assignable. (Laws of 1840, chap. 80 ; Laws of 1850, chap. 187 ; Laws of 1862, chap. 70 ; Laws of 1866, chap. 656 ; Laws of 1870, chap. 277 ; Laws of 1873, chap. 821 ; *Eadie* v. *Slimmon*, 26 N. Y. 15 ; *Barry* v. *E. L. Ins. Co.*, 59 id. 587 ; *Barry* v. *Brune*, 71 id. 262 ; *Brummer* v. *Cohn*, 86 id. '11; *Wilson* v. *Lawrence*, 13 Hun, 238 ; 76 N. Y. 585 ; *Baron* v. *Brummer*, 100 id. 372 ; *Smilie* v. *Quinn*, 90 id. 492; *Frank*

v. *M. L. Ins. Co.,* 102 id. 266 ; *Anderson* v. *Goldschmidt,* 103 id. 618 ; *Tiemeyer* v. *Turnquist,* 85 id. 516.) The plaintiff being a married woman, is not liable on her guaranty contained in the assignment. (*M. B. Co.* v. *Thompson,* 58 N. Y. 80 ; *Nash* v. *Mitchell,* 71 id. 199 ; *Tiemeyer* v. *Turnquist,* 85 id. 516 ; *S. C. Bank* v. *Pruyn,* 90 id. 50 ; *Yale* v. *Dederer,* 18 id. 265 ; 22 id. 450 ; 68 id. 329 ; *Lindemann* v. *Farquhar,* 101 id. 437.) The policies being non-assignable, any agreement of guaranty falls with the main instrument. The assignment being invalid, a guaranty of them is invalid also. The wife cannot do indirectly what she cannot do directly. To compel her to do what the law says she cannot do, viz.: to make or validate an assignment, is to compel her to do an illegal act. (*Baron* v. *Brummer,* 100 N. Y. 37 ; *Eadie* v. *Slimmon,* 26 id 10 ; *Barry* v. *E. L. A. Co.,* 59 id. 594 ; *Barry* v. *Brummer,* 71 id. 262 ; *Wilson* v. *Lawrence,* 76 id. 585 ; *Brummer* v. *Cohn,* 86 id. 11 ; 3 Pom. Eq. Juris. § 1293 ; *Estate of Webb,* 49 Cal. 542 ; *Shepherd* v. *Shepherd,* 1 Mad. Ch. 244 ; *Vasser* v. *Vasser,* 23 Miss. 378 ; *Tomlinson* v. *Yorke,* 20 Tex. 624 ; *Hanson* v. *Nicholson,* 19 Wis. 498 ; 1 Perry on Trusts, § 97 ; *Bayles* v. *Commonwealth,* 40 Penn. St. 37 ; *De Jorge* v. *Goldsmith,* 16 J. & S. 131.) The rule which prevails ·in case of policies issued in this state under our state law, prevails also in reference to the policy issued by the New England company ; all were unassignable till 1879. (Schouler on Domestic Relations, § 80 ; *Holmes* v. *Boughton,* 10 Wend. 75 ; *Gould* v. *Emerson,* 99 Mass. 157 ; *Swan* v. *Snow,* 11 Allen, 224 ; *U. Assn.* v. *Durant,* 118 Mass. 421 ; *Wilson* v. *Lawrence,* 13 Hun, 238 ; 76 N. Y. 585 ; *State* v. *Byrne,* 45 Conn. ·273 ; *Monroe* v. *Douglass,* 5 N. Y. 452 ; *Rice* v. *Harrison,* 63 id. 501 ; *Damron* v. *P. M. L. Ins. Co.,* 99 Ind. 478 ; *M. L. Ins. Co.* v. *Terry,* 62 How. Pr. 325.) The policy was made payable to the plaintiff or to his executors, administrators or assigns. The word "his" should be read "her," for the pronoun refers to the assured, and the assured is the plaintiff. (*Whitehead* v. *N. Y. L. Ins. Co.,* 102 N. Y. 143 ; *Campbell* v. *N. E. L. Ins. Co.,* 98 Mass. 381 ; *Hoyle* v. *G. L. Ins. Co.,* 6 Robt.

567 ; *Smith* v. *A. L. Ins. Co.*, 5 Lans. 545.) So long as plaintiff lives the policy is hers, and any money due under the policy is payable to her. (*Brummer* v. *Cohn*, 86 N. Y. 15.) Nothing short of silence till the Statute of Limitations had run could defeat an action against the defendant, and not even that against the companies issuing the policies. (*Leonard* v. *Clinton*, 26 Hun, 288 ; *Bloomingdale* v. *Lisberger*, 24 id. 357.) The court below erred in finding that the plaintiff assented to the possession by the defendant of the policies in suit under his assignments after May, 1879, and, after the death of her children, after January 16, 1882. (*Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 263 ; Code Civ. Pro. § 993 ; *Adams* v. *I. N. Bank*, 116 N. Y. 614.) The conclusion of law that plaintiff is estopped from setting up the claim that she had a child living at the date of the assignment is clearly erroneous. (*Bodine* v. *Killeen*, 53 N. Y. 93 ; *Noel* v. *Kinney*, 106 id. 81.)

*George W. Van Slyke* for respondent. The assignments by the plaintiff of the policies of insurance in question are valid. (*Brummer* v. *Cohn*, 86 N. Y. 11 ; *Smilie* v. *Quinn*, 90 id. 492 ; Laws of 1862, chap. 70.) The assignments, if invalid, were voidable and not void. (*Frank* v. *M. L. Ins. Co.*, 102 N. Y. 266 ; 1 Whart. on Ev. § 28.) Even if the objection that the plaintiff had a child living at the date of the policy could, under any circumstances, be available to the plaintiff, she is estopped from raising that question. (*L'Amoreux* v. *Vischer*, 2 N. Y. 278 ; *Wolf* v. *S. F. Ins. Co.*, 39 id. 49 ; *Townsend* v. *Scholey*, 42 id. 18 ; *E. Co. Bank* v. *Roop*, 48 id. 292 ; *Weyh* v. *Boelm*, 85 id. 394 ; *Smith* v. *Munroe*, 84 id. 354 ; *Mount* v. *Martin*, 20 Barb. 123 ; *Bodine* v. *Killeen*, 53 N. Y. 93 ; *Brummer* v. *Cohn*, 6 Abb. [N. C.] 469 ; 86 N. Y. 11, 15, 16.) If the existing assignments be invalid for any of the reasons urged against them, the defendant is entitled to the performance of plaintiff's affirmative covenant to give further assurance and give her signature whenever required to enable the defendant to receive the money upon the policies assigned. (Laws of 1879, chap. 248.)

There was ample consideration to support the assignments in question. (*White* v. *Baxter*, 71 N. Y. 254.) The agreement by the defendant for the payment of the debts of plaintiff's husband has been performed by him. Equity will not, under such circumstances, permit the plaintiff to avail herself of a provision in a statute which was not intended for her benefit so as to enable her to work injury to the defendant. On the contrary, a court of equity will in such a case decree a specific performance of the contract as may appear, and require her to reassign the policy, as she now has the capacity to do, under either of the acts, 1873 or 1879. (*Wilson* v. *Lawrence*, 8 Hun, 593; 13 id. 238.) The plaintiff, after she became *sui juris*, assented to and ratified the assignments. (1 Pom. Eq. Juris. § 420; *Delano* v. *Blake*, 11 Wend. 85; 96 N. Y. 85, 86.) The plaintiff should be compelled to restore to defendant what he has paid out, relying upon her assignment and covenants, before a recovery by her should be permitted. (1 Pom. Eq. Juris. § 391; *Mumford* v. *A. L. Ins. Co.*, 4 N. Y. 463, 483; 1 Story's Eq. Juris. §§ 64, 696; *Holbrook* v. *Sharpey*, 19 Ves. 131; *Brooks* v. *Holland*, 5 id. 618; *Byne* v. *Vivian*, Id. 606, 607, 609; *Peacock* v. *Evans*, 16 id. 512; 13 Hun, 240.) Three of the five policies in suit were assignable independently of any of the foregoing considerations. (*Troy* v. *Sargent*, 132 Mass. 408; *M. L. I. Co.* v. *Allen*, 138 id. 24.) Equity will not interfere to give plaintiff relief, as she has been guilty of *laches* in bringing her action. (*Brown* v. *Buena Vista*, 95 U. S. 157; *In re Neilley*, 95 N. Y. 382–390.)

POTTER, J. The action was brought by the plaintiff, the wife of R. A. Brick, and still living when the action was brought and was tried, to compel the reassignment to her of five policies of insurance issued upon the life of her husband for her benefit, and which had been assigned by her (her husband joining in the instrument of assignment) to the defendant for the purpose of securing and paying liabilities of the plaintiff's husband to the defendant. The grounds for such

reassignment as set forth in the complaint are that the liabilities had been satisfied and that the plaintiff had no right or power to transfer said policies.

The findings of the trial court that all the liabilities had not been satisfied, upon the evidence introduced upon that subject, disposes of that ground of relief and leaves for our consideration upon this appeal the single question, whether the plaintiff was at the time of the commencement of the action entitled to a reassignment of the policies upon the ground that she was not bound or concluded by the assignments for want of power to assign the policies.

That question, together with the obligation of covenants of plaintiff in and accompanying the instruments of assignment to the effect that the assignments are valid and sufficient, and further, that whenever required the plaintiff would, in order to carry out the design of the assignment, do any other act necessary for that purpose, is presented upon this appeal.

The policies in question are set forth in the complaint. They were issued in July and August in the year 1872, and were assigned to the defendant on or about the 1st of June, 1877. Prior to that time and until January, 1882, the plaintiff and her husband had a son living. While there were some differences in the terms of the policies in respect to payment of the sums insured and some of them were for the life of the husband of the plaintiff or for a specified period of life, they all provided (save one which was clearly a clerical error in the draftsman and not affecting the character of the insurance) that the sum insured should be paid to the plaintiff if living, and were policies which have been held by the decisions of the court in respect to various persons to whom the sum insured is made payable in case of the death of the principal beneficiary before the death of the party whose life is insured, to be policies for the benefit of the wife and her children.

The power of a married woman to insure the life of her husband for her or her children's benefit was conferred by the act of 1840 (Chap. 80). It simply enabled her to effect such insurance and nothing further. It did not enable her to

assign the policy of insurance and beyond procuring the policy, she was still as incapable of doing anything in respect to the policy as before that act. This court in *Eadie* v. *Slimmon* (26 N. Y. 1–17) so construed the act of 1840, and held "a policy of insurance to a married woman made under that act * * * cannot be transferred so as to divest the interest of the wife or her children."

This holding has been steadfastly adhered to by this court in numerous decisions and as conceded by the respondent's counsel until the act of 1873 (Chap. 821).

The latter act enabled a married woman, in case she has no child or children or any issue of any child or children, by the observance of prescribed forms and acknowledgments, to dispose of such policy of insurance with the same effect as she could have done after the death of the person on whose life the policy was issued.

This act simply enabled a married woman to assign the policy in a case where she had no child, but in this case the plaintiff had a son living when the act of 1873 was passed, and in 1877, when she executed the assignments of these policies and covenants and the son lived until January 16, 1882. The principle of all the decisions (and they are numerous) has been clear and uniform that a married woman was incapable of assigning a policy of insurance issued upon the life of her husband for her benefit only in those cases and to the precise extent which the acts of the legislature have enabled her to assign. And the courts have rigidly adhered to this doctrine from the case of *Eadie* v. *Slimmon* (*supra*), and have in no instance departed from it except as expressly authorized or required by the acts of the legislature in relation to such policies. So strictly have the courts adhered to the enabling acts passed by the legislature upon the subject of such policies, that they have refused to regard the general enabling acts in relation to married women and their separate property as having any reference or applicability to such policies. And in order to give the fullest protection to married women under such policies the courts have held

" That the act of 1840, in respect to insurances for lives for the benefit of married women, as amended by the several acts of the legislature upon that subject, including the act of 1873, chapter 821, is not affected by the legislation enlarging the legal status of married women but is still operative, and a policy issued under that act for the benefit of a wife or, in case of her death before her husband, of her children, is not assignable by her during the life-time of her husband." (CHURCH, Ch. J., ALLEN and ANDREWS, JJ., in *Barry* v. *E. L. Ass. Society*, 59 N. Y. 587.)

" To bring an insurance by a wife upon the life of her husband within the provision of the act of 1840 (Chap. 80) it is not essential that it should appear either by the terms of the policy or by extrinsic evidence that it was the intention of the assured to avail himself of the provisions of that act; the intention is to be presumed from the beneficial nature of the policy."

" The omission to provide in the policy for the disposition of the fund in case of the death of the wife before that of her husband, or a statement in the application that the insurance is for the benefit of the wife solely does not rebut the presumption that in taking the policy the wife had in view said act."

" An endowment policy is within said act of 1840 as amended in 1866 (Chap. 656)."

" And accordingly it was held, that an endowment policy issued in 1868 to plaintiff upon the life of her husband payable to her, her personal representatives or assigns, was in the absence of evidence showing a contrary intent to be presumed to have been procured under the act, and that it was non-assignable save in cases where assignments are authorized by the act of 1873, and the act of 1879 (*supra*). "

To the same effect are the subsequent reported cases and down to the time of the passage of the later and more general enabling act passed in 1879 (Chap. 248). (*Frank* v. *M. L. Ins. Co.*, 102 N. Y. 266; *Anderson* v. *Goldsmidt*, 103 id. 618.)

It seems to me, therefore, that the plaintiff was not capable of assigning the policies in question until the enabling act of 1879 (Chap. 248).

The only remaining question, therefore, requiring examination is whether, by virtue of the covenants and the conduct of plaintiff, she is precluded from disputing or annulling the assignments? It is pretty clear that the courts have steadfastly held to the non-assignability of insurance policies notwithstanding the various acts conferring upon married women power over their own separate property, and the various acts of the legislature in certain circumstances conferring power upon them to dispose of policies of insurance procured by their, or their husband's means. The protection of widows and orphans is the prominent reason assigned by the courts for holding such policies unassignable.

The non-assignability of these contracts of insurance is quite independent of the nature and character of the consideration so long as there is a legal consideration for the assignment. The contract of such assignment must, like any other contract, have a legal consideration to support it.

Four of the five policies assigned were issued by companies incorporated under the laws of New York. The fifth policy was issued by the New England Life Insurance Company of Boston, incorporated under the laws of Massachusetts.

We are not referred by the respondent to any, nor am I aware of any, case where it is held or intimated that it makes any difference as to the assignability of insurance contracts, whether the policy was issued by a corporation created under the laws of this state. The several acts of the state in relation to policies issued for the benefit of a wife, or wife and children, make no such distinction, and I can see none in principle, but quite the contrary.

By the common law we have seen that a married woman could not assign such policy, and the common law of this state is presumed to be the common law of Massachusetts. Nor was she enabled to do so by the general enabling acts of this state in relation to married women. If the rule of decision is

different in the state of Massachusetts, it should have been averred and proved. (*Holmes* v. *Broughton*, 10 Wend. 75; *Rice* v. *Harbeson*, 63 N. Y. 501.)

Moreover the statute of Massachusetts upon this subject is as follows: "A policy of insurance upon the life of any person expressed to be for the benefit of any married woman, whether procured by herself or her husband or any other person, shall inure to her separate use and benefit, and that of her children independently of her husband or his creditors or the person effecting the same or his creditors." (Mass. R. S. [1873] chap. 58, § 62.)

Such policies are not assignable. (*Gould* v. *Emerson*, 99 Mass. 157; *Swan* v. *Snow*, 11 Allen, 224; *U. M. L. Assn.* v. *Dugan*, 118 Mass. 421.)

To the same effect is the case of *Damron* v. *P. M. L. Ins. Co.* (99 Ind. 478); *M. L. Ins. Co.* v. *Terry* (62 How. Pr. 325).

The courts of New York held such a policy issued by the Connecticut Mutual Life Insurance Company unassignable. (13 Hun, 238; 76 N. Y. 585.)

We will now proceed more directly to consider the effect of plaintiff's covenants upon her right to the relief sought by this action.

These covenants all bear the same date as the assignments, viz.: June 2, 1877, and were parts of the transaction of making said assignments.

Can it be that such covenants are binding upon a married woman under the statutes in relation to married women, or when given in further assurance of assignments of insurance which they are not permitted to make? As before remarked, the courts have uniformly declined to apply the changes of the law made from time to time in respect to the power of married women over their separate property, and have as uniformly applied only the changes of the law made specifically in relation to insurance policies for the benefit of married women and their children. It would seem anomalous, at least, that covenants in an instrument in relation to a transaction which is not permitted may be resorted to to compel a party to sign an instru-

ment or to do an act which it is unlawful for the party to do,. and will be set aside if done. (*Baron* v. *Brummer*, 100 N.. Y. 372–375.)

Nor can the statutes in force in relation to married women and their separate property, at the time of making the assignment of the policies in question, and the covenants in relation to them, be invoked for that purpose. (*M. B. & M. Co.* v. *Thompson*, 58 N. Y. 80; *Nash* v. *Mitchell*, 71 id. 199; *S. C. Bk.* v. *Pruyn*, 90 id. 250.)

The respondent urges that the plaintiff is estopped from asserting the invalidity of the assignments and the covenants relating to the same.

It does not seem to me that the assignments and covenants present any case for the application of the principle of estoppel. Whether the plaintiff had the power to assign the policies and her covenant that she had, were not matters of fact, but matters of law, which the defendant is presumed to know, or at least to know as much concerning the transactions as the plaintiff; and as to the covenants, they were not representations of facts, but were stipulations of what the plaintiff would do in the future.

I think we are now brought to the consideration of the only remaining and perhaps the pivotal question in the case, and the one upon which the case was decided in favor of the defendant in the learned opinion of the General Term. That question briefly stated is this, whether an assignment of a chose in action, void at the time of making it, becomes validated by the removal of the cause making it void *ipso facto?* And if not validated by the act of removal alone, whether passivity in respect to the assignment, and the thing assigned with time, and what time.after the removal of the ground of incapacity will validate the void assignment?

Assuming the defendant's contention that the assignments were voidable, I apprehend the plaintiff's right to avoid them and reclaim the policies would not be barred in the absence of any act recognizing the assignments or declarations admitting the validity of the assignments, within the period of the Statute of Limitations.

In this case the learned trial court found that the plaintiff assented to the defendant's possession of the policies after the date of the enabling act of 1879, and also after the death of the plaintiff's child, which occurred in 1882. · Mere possession of the policies and without any affirmative acts of plaintiff ratifying or recognizing the validity of the voidable assignments would not suffice to validate them.

That question was presented and discussed in *Frank* v. *Mutual Life Ins. Co.* (102 N. Y. 266).

In that case the policy was issued in 1869, upon the life of plaintiff's husband, and was assigned in 1875 by the wife, with the consent of the husband, to secure a loan from the assignee to the husband, and the policy was again assigned by the first assignee in 1876, and was by the latter surrendered to the company issuing the policy ; and it was held, in an action brought by the wife, in 1881, to reclaim the policy or to recover the sum paid the last assignee of the policy upon its surrender, that notwithstanding such possession of the policy by the assignee since 1875, and such payment by and surrender to the insurer, the plaintiff was entitled to recover the sum received by the assignee upon such surrender less the premiums paid by him before the surrender. The court say in that case upon the point now under consideration " Her right to avoid the asssignment could be exercised as well after as before the receipt of the avails of the policy, and the bringing of this action against him (the assignee) was sufficient election to avoid the assignment     *     *     *." But the period not being sufficient to bar her claim by the Statute of Limitations, we see no ground upon which we can deny to her the protection against her own acts, which is afforded her by *Eadie* v. *Slimmon* (*supra*), and like cases.

The case also contains a full and conclusive answer to defendant's contention that the plaintiff is or should be required to restore to defendant what he has paid out relying · upon the assignments.

Such condition has not been imposed in any case, and it seems to me could not, consistently with the principle

involved in those cases, be imposed upon the party seeking the relief prayed for in this and kindred cases. But in this case the defendant paid nothing for the assignment of the policies. The assignment was made to secure the payment of a debt due plaintiff's husband, and which he transferred to defendant, or to secure an indebtedness of the husband to the defendant. It does not appear from the case that the defendant has paid any premiums upon any of the policies. If such, however, is the fact, the premiums so paid with interest thereon should be repaid to the defendant, perhaps as a condition of granting the relief sought in this action.

I am constrained to the conclusion that the judgment in this action should be reversed and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.