## LOWENSTEIN v. SALINGER.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

1. WIFE'S POWER TO CONTRACT—COPARTNERSHIP WITH HUSBAND—FOREIGN STATUTE.
   Defendant was sued on a contract, executed in Arkansas by a firm composed of herself and husband. Plaintiff showed nothing in avoidance of the common-law disability of the wife to enter into a copartnership with her husband, except that the statute law of Arkansas enabled a married woman "to acquire and own separate property from her husband, and carry on business on her sole and separate account," and that the said statute was almost identical with the New York married woman's act of 1884. *Held,* in the absence of evidence of a different construction of their statute by the courts of Arkansas, that the decision of the courts of New York that a married woman is not empowered, by the enabling act of 1884, to enter into a copartnership with her husband, must control in the present case.

2. ATTACHMENT—MOTION TO VACATE—TRIAL OF QUESTION OF LAW.
   On a motion to vacate an attachment, the court will try a question involving plaintiff's right of action, where the facts are undisputed and the legal conclusion certain, as where plaintiff's claim is founded on the obligation of a person incompetent to enter into a contract.

Appeal from special term, New York county.

Action by Bernard Lowenstein against Lena Salinger. From an order denying a motion to vacate an attachment defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT and INGRAHAM, JJ.

*Platt & Bowers, (John M. Bowers,* of counsel,) for appellant. *Samuel Untermyer, (Maurice Untermyer,* of counsel,) for respondent.

BARRETT, J. The motion to vacate was founded upon the fact that the defendant, Lena Salinger, was a married woman, and that, as such, she was not authorized by law to enter into a copartnership with her husband for business purposes. The debt sued on was contracted in Arkansas by the firm of L. Salinger & Co., composed of this defendant and her husband, Louis Salinger. The latter is dead, and the action is brought against the wife as surviving partner. She sets up coverture, and claims non-liability under the laws of Arkansas. The plaintiff does not deny the marriage. nor does he point out any law of the state of Arkansas validating such a contract. On the contrary, he states that a case which has been brought against Mrs. Salinger in that state, where the question under consideration arose, was decided in her favor. There is no disputed fact in the case, and the question is solely one of law. It has been expressly decided in this state that a married woman is not empowered, even by the enabling act of 1884, (chapter 381,) to enter into a copartnership with her husband, (*Kaufman* v. *Schoeffel,* 37 Hun, 140;) not, indeed, to make any binding contract with him, (*Hendricks* v. *Isaacs,* 117 N. Y. 411, 22 N. E. Rep. 1029.) In *Fairlee* v. *Bloomingdale,* 67 How. Pr. 292, the authorities were carefully reviewed, and the conclusion arrived at that contracts made in the conduct of such a partnership business were not enforceable against the wife. See, also, *Lord* v. *Parker,* 3 Allen, 127; *Chambovet* v. *Cagney,* 35 N. Y. Super. Ct. 487; *Bertles* v. *Nunan,* 92 N. Y. 152; *Coleman* v. *Burr,* 93 N. Y. 17. In the absence of any evidence to the contrary, the presumption is that the common law of this state is the common law of Arkansas. *Brick* v. *Campbell,* 122 N. Y. 345, 25 N. E. Rep. 493. The common law would, of course, be decisive against the wife's liability. All that the plaintiff shows in avoidance of the common-law disability is the statement that "the statutes of the state of Arkansas enable a married woman to acquire and own separate property from her husband, and carry on business on her sole and separate account, and is almost identical with our own married woman's act of 1884." In the absence of any judicial construction of this statute by the courts of Arkansas, the rules laid down by our own courts must govern. The plaintiff says that he is informed by a Tennessee lawyer of eminence, who practices in the courts of Arkansas, that

the decisions in the latter state upon the point in question are conflicting, but that there has been no direct decision by the highest court of the state.   One of the plaintiff's attorneys also says that he has personally made an examination of the Arkansas law, and has found a variety of conflicting decisions upon the point.   The only decision proved as matter of fact is the one already referred to, where it was actually held that the present defendant was not liable upon a partnership contract made by the firm in question.   The plaintiff was bound to aver and prove that the rule in Arkansas was different from the rule in this state.   *Brick* v. *Campbell, supra*.   In this he has entirely failed. In fact, the only evidence which he has offered on the subject tends to prove that the rule there is precisely the same as it is here.   Plainly, then, the plaintiff makes out no case against this defendant.   Ordinarily, the court will not, upon motion, try questions regarding the cause of action which should properly be left for determination upon the trial.   Where, however, the facts are undisputed, and the legal conclusion certain, it would be oppressive to hold an attachment which is clearly without foundation.   It will not be necessary, therefore, to consider the other questions presented by this appeal.   The order appealed from should be reversed, with costs and the usual disbursements, and the attachment vacated.   All concur.