## BROWN v. WIGTON et al.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

ATTACHMENT—MOTION TO VACATE—DISPUTED FACTS.

> Where defendants move to vacate an attachment on the ground that plaintiff has no cause of action, it is not necessary that plaintiff should file rebutting affidavits in order to have the benefit of the rule that the court will not on such motion vacate the attachment unless the facts are undisputed. He may rely upon the allegations of the complaint for that purpose.

Appeal from special term, New York county.

Action by Morris H. Brown against Richard B. Wigton and others. From an order denying a motion to vacate an attachment defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Strong & Cadwalader*, for appellants. *Rudd, Hunt & Wilder*, *(James M. Hunt*, of counsel,) for respondent.

PER CURIAM. This action was brought to recover for alleged services rendered by the plaintiff to the defendants, and upon the ground of the non-residence of the defendants an application was made for an attachment against the property of the defendants, which was granted. The defendants thereupon made a motion to vacate the attachment upon the ground that the plaintiff had no cause of action. This motion was denied, and from the order thereupon entered this appeal is taken. It is urged that, as the plaintiff produced no rebutting affidavits, but merely relied upon the allegations of the complaint, and as it was unreasonable to suppose that the defendants would have made the contract alleged in the complaint, therefore the motion should have been granted. We do not see how the court is to try the merits of the action upon an application to vacate an attachment. The rule is well stated in the case of *Lowenstein* v. *Salinger*, (Sup.) 17 N. Y. Supp. 70, that ordinarily the court will not upon motion try questions regarding the cause of action which should properly be left for determination upon the trial. Where, however, the facts are undisputed, and the legal conclusions certain, it would be oppressive to hold an attachment which is clearly without foundation. In the case at bar the allegations of the complaint dispute the affidavits furnished on the part of the defendant, and therefore the case is not brought within the rule above stated. We think that the merits of the controversy must be left until the trial; the plaintiff, if having a cause of action, being entitled to his attachment as a matter of right. The order should be affirmed, with $10 costs and disbursements.