### STERNS PAPER CO. v. JOHNSON et al.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

ATTACHMENT—MOTION TO VACATE—DISPUTED FACTS.

An attachment will not be vacated on the ground that, according to defendant's affidavit, there is no such debt due as is claimed in the complaint; but such question can be disposed of only on the trial, as the facts are not undisputed, and the legal conclusions are uncertain. *Lowenstein* v. *Salinger,* 17 N. Y. Supp. 70, and *Brown* v. *Wigton, ubi supra,* followed.

Appeal from special term, New York county.

Action by the Sterns Paper Company against Joseph Y. Johnson and another for goods sold and delivered. From an order denying a motion to vacate an attachment, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Robert C. Taylor*, for appellants. *Campbell, Hotchkiss & Reiley*, (*Charles E. Hotchkiss*, of counsel,) for respondent.

PER CURIAM. The ground upon which it is sought to vacate the attachment is that, according to the affidavit of the defendant, there is no such debt due as is claimed in the complaint. This is a question which can only be disposed of upon the trial, and cannot be considered here, as the facts are not undisputed, nor are the legal conclusions certain. The circumstances under which an attachment will be set aside because of defects in the cause of action are stated by this court in the case of *Lowenstein* v. *Salinger*, (Sup.) 17 N. Y. Supp. 70, in which it was held that ordinarily the court will not upon motion try questions regarding the cause of action which should properly be left for determination on the trial. Where, however, the facts are undisputed, and the legal conclusions certain, it would be oppressive to hold an attachment which is clearly without foundation. The same principle is reaffirmed in the case of *Brown* v. *Wigton*, 18 N. Y. Supp. 490, (decided herewith.) The appellant has failed to bring himself within this rule. We think, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements.

All concur.