THOMAS ANDERSON, as Executor, etc., Respondent, *v.* BARBARA GOLDSMIDT, Appellant.

Under the provision of the act of 1879 (Chap. 248, Laws of 1879), making policies of insurance issued upon the lives of husbands for the benefit of their wives "assignable by said wife with the written consent of her

husband," where the husband joins with the wife in a written assignment, this is a sufficient " written consent " to meet the requirements of the act.

The fact that the wife had children at the time of the assignment does not affect its validity.

An endowment policy was issued to defendant upon the life of her husband, payable in case of her death before her husband to her children; she joined with her husband in an assignment of the policy. In an action brought by the assignee upon the policy wherein defendant was substituted as such, in place of the insurance company, *held,* that the assignment was valid; that while defendant's children had a contingent interest, as the policy matured before her death, the contingency did not arise, and by the assignment plaintiff became vested with the entire interest in the policy.

(Argued December 2, 1886 ; decided December 17, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 15, 1885, which affirmed a judgment for plaintiff on a trial at Special Term without a jury. (Reported below, 38 Hun, 360.)

The nature of the action and the material facts are stated in the opinion.

*James D. Bell* for appellant. The policy in suit is under the statute and protected by it. (*Eadie* v. *Slimmon*, 26 N. Y. 9, 16 ; *Perry* v. *Eq. L. Ass. Soc.*, 59 id. 587 ; *Brummer* v. *Cohn*, 86 id. 11 ; *Wilson* v. *Lawrence*, 76 id. 585 ; 13 Hun, 238.) The assignment relied upon by plaintiff is void, because not executed in conformity with the act of 1879 (Chap. 248), her husband not having given his written consent thereto. (Sedg. Stat. and Const. Law, 319–323 ; *Hartman* v. *Bowen*, 39 N. Y. 196 ; *Martin* v. *Dwelly*, 6 Wend. 8 ; 2 Scrib. on Dower [2d ed.], 327 ; *Elwood* v. *Klock*, 13 Barb. 50, 54.) Signing the alleged assignment was not a substantial compliance with the act. (*Morton* v. *Copeland*, 16 C. B. 517, 531, 533 ; *Odell* v. *Montrose*, 68 N. Y. 499, 505 ; 1 Reed's Stat. of Frauds, 423 ; *Nat. Bk.* v. *Tamajo*, 77 N. Y. 476, 479 ; *Chase* v. *James*, 16 Hun, 14 ; *Rennie* v. *Bean*, 24 id 123 ; *Noyes* v. *Wernberg*, 15 Abb. N. C. 164.) The alleged assignment is

void, because the statute does not authorize a pledge or mortgage of the policy. (*Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; 30 Hun, 299.) It is only when the policy is solely for the benefit of the wife that it can be assigned. (*Newell* v. *People*, 7 N. Y. 9, 97; *McCluskey* v. *Cromwell*, 11 id. 593; *People* v. *Purdy*, 2 Hill, 31; 4 id. 384; *Gibbons* v. *Ogden*, 9 Wheat. 188; *Cox* v. *Curwen*, 118 Mass. 198, 200; *Holly* v. *Lockwood*, 1 Conn. 180; 2 Wms. on Exrs. [6th Am. ed.] 1218; 2 Jarm. on Wills, by Bigelow, 120; Law Dicts.: Bouvier, title "Representatives; Abbott; Rapelje, title "Legal Representative;" *Phyfe* v. *Phyfe*, 3 Bradf. 45, 52; *Underhill* v. *Fleet*, 2 Edm. Sel. Cas. 447; *Delaunay* v. *Bonnet*, 4 Gilm. [Ill.] 454, 493; *Bowman* v. *Long*, 89 Ill. 19.) If the policy is for the benefit of a wife and her children, the children must concur. (Bliss on Life Ins., § 339; *Gould* v. *Emerson*, 99 Mass. 154; May on Ins., § 392; *Knickerbocker L. Ins. Co.* v. *Weitz*, 99 Mass. 157; *Olmstead* v. *Keyes*, 85 N. Y. 593; *Smillie* v. *Quinn*, 90 id. 492.) If the assignment was voidable, the defendant can resist its enforcement, as no rights of third parties have intervened. (*Baron* v. *Brummer*, 100 N. Y. 372.)

*Daniel Nemirs* for respondent. By the first paragraph of section 2 of chapter 821 of the Laws of 1873, amending section 2 of the acts of 1840 and chapter 277, Laws of 1870, a policy for the benefit of a married woman and her children, may, upon her written request, duly acknowledged, and upon written request of the policy-holder, be sold and surrendered to the company issuing it, the same as any other policy. (*Olmstead* v. *Keyes*, 85 N. Y. 604; Laws of 1873, chap. 821, § 2; Laws of 1870, chap. 277, § 2; *Baron* v. *Brummer*, 100 N. Y. 375.) The assignment of the policy was executed according to law and valid. (Laws of 1873, chap. 821; Laws of 1879, chap. 248.)

EARL, J. On the 31st of May, 1870, the Germania Life Insurance Company issued to Barbara Goldsmidt an endowment policy upon the life of her husband, Joseph Goldsmidt, for $1,000, payable May 31, 1885, or within sixty days after

due notice and proof of his death, should he die before that time. The policy, among other things, provided, that " in case of the death of the said Barbara Goldsmidt before the decease of the said Joseph Goldsmidt, the amount of said insurance shall be payable after her death to her children, for their use, or to their guardian, if under age; or, if she shall have no children, to her executors, administrators and assigns." On the 15th of February, 1881, Barbara Goldsmidt and Joseph, her husband, united in a written assignment, signed by them, of all their right, title and interest in and to the policy to John Anderson. The policy matured on the 31st of May, 1885, and John Anderson having died, the plaintiff, as his executor, began an action to recover the amount of the policy from the insurance company, claiming under the assignment of the policy to his testator. An order was made substituting Barbara Goldsmidt as defendant, and the fund was deposited in court. She answered, setting up that the assignment was void because she was a married woman with children having an interest in the policy, and because the assignment was not executed in conformity with the statute. A judgment for the plaintiff having been affirmed by the General Term, the defendant has appealed to this court and attempts to sustain her appeal upon the two grounds mentioned in her answer.

It is provided in chapter 248, Laws of 1879, that " all policies of insurance heretofore or hereafter issued within the State of New York, upon the lives of husbands, for the benefit and use of their wives, in pursuance of the laws of the State, shall be, from and after the passage of this act, assignable by said wife with the written consent of her husband; or in case of her death, by her legal representatives, with the written consent of her husband, to any person whomsoever, or be surrendered to the company issuing such policy, with the written consent of the husband."

Objection is made that there was not in this case, within the meaning of this statute, the written consent of the husband to this assignment. But by uniting with his wife in executing the assignment, he consented thereto in writing, and it would

be taking a very narrow view of the statute, quite inadmissible, to hold that the purpose of the statute was not fully answered by the execution of the assignment in that way.

The mere fact that she had children at the time she executed the assignment did not render her assignment void. The statute, whether there be children or not, gives the wife, with the consent of her husband, the absolute power to assign or surrender the policy. It is quite true that the children had a contingent interest in the policy which would have become vested in case the wife had died before the policy matured. But here she survived that period, and hence the contingency did not arise which gave the children any interest whatever in the policy.

At the time of this assignment there was no law and no public policy which prohibited the wife from assigning any interest which she had in the policy, and by the assignment, which she executed, plaintiff's testator became vested with the entire interest in the policy, and there is no defense to the plaintiff's claim to the amount due thereon.

The judgment should be affirmed.

All concur.

Judgment affirmed.