SARAH A. SHERMAN, Appellant, *v.* CAROLINE A. ALLISON, Respondent.

*An assignment by a husband of a policy of insurance issued on his life for his wife's benefit is a consent to the wife's assignment thereof.*

Chapter 248 of the Laws of 1879, requiring the written consent of a husband to an assignment by his wife of a policy of insurance issued upon the husband's life for the benefit and use of the wife, is satisfied where the husband, contemporaneously with the assignment by the wife and as a part of the same transaction, executes a separate assignment of the policy to the assignee on the same sheet of paper which contains the assignment from the wife.

APPEAL by the plaintiff, Sarah A. Sherman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 12th day of April, 1902, upon the decision of the court, rendered after a trial at the Onondaga Special Term, awarding to the defendant the proceeds of a certain policy of life insurance.

*Benjamin Stolz,* for the appellant.

*Albert P. Fowler,* for the respondent.

Judgment affirmed, with costs, on opinion of MERWIN, J., delivered at Special Term; McLENNAN, SPRING, WILLIAMS and DAVY, JJ., concurred; HISCOCK, J., not sitting.

The following is the opinion of MERWIN, J., delivered at Special Term:

MERWIN, J.:

On the 30th day of May, 1867, the Connecticut Mutual Life Insurance Company issued its policy of insurance upon the life of Jireh Sherman in the sum of $5,000, for the sole use of the plaintiff, his wife, payable at his death to his wife if she survived him; if not, then to her children. The annual premium to be paid was $166. On the 26th day of May, 1899, Jireh Sherman died. In January, 1900, the plaintiff commenced an action against the insurance company for the recovery of the amount of the policy. Thereafter, upon the allegation that this defendant claimed to own

the policy and the moneys payable thereon, such proceedings were had that the insurance company paid into court the proceeds of the policy, being the sum of $4,858.56, and Caroline A. Allison was substituted as defendant in place of the company. The claim of this defendant is that, by virtue of assignments made by the plaintiff and by Jireh Sherman on the 10th day of October, 1879, to George F. Comstock and by him to this defendant in December, 1882, and on June 26, 1889, she is the owner of the policy and the moneys in controversy.

It appears that on October 10, 1879, the plaintiff, by an instrument in writing, signed by her and dated, and duly acknowledged that day, for value received, transferred all her right, title and interest in the policy to George F. Comstock. On the same day Jireh Sherman, by an instrument in writing, signed by him and bearing the same date and duly acknowledged by him on that day, in consideration as therein expressed of $1,428.88 to him paid, transferred all his right, title and interest in the policy to George F. Comstock. These instruments are on the same paper, are acknowledged before the same notary, and their execution and delivery must, I think, be assumed to have been part of one and the same transaction. The consideration stated as $1,428.88 appears to be the amount of the cash premiums paid on the policy up to that date.

The assignee, George F. Comstock, by verbal transfer in December, 1882, and by written transfer on June 26, 1889, transferred the policy to the defendant, and since the transfer from the plaintiff and her husband to the said George F. Comstock the latter or the defendant have paid or caused to be paid all the premiums upon the policy.

By chapter 248 of the Laws of 1879 it is provided as follows: "All policies of insurance heretofore or hereafter issued within the State of New York upon the lives of husbands for the benefit and use of their wives, in pursuance of the laws of the State, shall be, from and after the passage of this act, assignable by said wife with the written consent of her husband; or in case of her death by her legal representatives, with the written consent of her husband, to any person whomsoever, or be surrendered to the company issuing such policy, with the written consent of the husband."

The main question in this case is, whether the written transfer from the husband to Comstock was in effect a written consent to the transfer from the wife to Comstock, within the meaning of the statute?

The statute does not state in what manner the consent shall be given. It does not require that the husband shall join in the transfer. If he in fact does join with the wife in a written assignment that is a sufficient consent to meet the requirements of the statute. (*Anderson* v. *Goldsmidt*, 103 N. Y. 617.) In the case cited the form of the assignment executed by the husband and wife was: "We, Barbara and Joseph Goldschmidt † * * * hereby assign, sell, set over, and deliver to said John Anderson all our right, title and interest in and to said policy."

So that if the husband and wife join in transferring all their right, title and interest in the policy that is enough. The husband by a transfer of his interest does not in terms consent that the wife may transfer her interest, but the act is such that, as said in the *Anderson* case, the purpose of the statute is thereby fully answered.

In the present case the assignment of the husband is separate from that of the wife. It is, however, part of the same transaction and executed and delivered at the same time as that of the wife. Upon the paper upon which both assignments are written there first appears a description of the policy and a statement of the premiums paid, and each assignment refers to this description, the one by the expression, "the above-described policy," and the other by the expression, "the foregoing policy."

These assignments, being part of one and the same transaction, should be read together, and if so they are together just as forceful as the assignment in the *Anderson* case and answer just as fully the purpose of the statute.

Upon the face of the papers the husband received from Comstock substantially the full value of the policy. He intended, if honest, that Comstock should have an operative transfer. So that if the intent of the husband is the test, his transfer should be construed to be a written consent.

† *Sic.*

The logic of the *Anderson* case leads directly, I think, to the conclusion that there is here a sufficient written consent.

The *Anderson* case is not overruled or limited by the case of *Dannhauser* v. *Wallenstein* (169 N. Y. 199). The cases of *Slocomb* v. *Ray* (123 N. C. 571) and *Davidson* v. *Cox* (112 Ala. 510), cited by the counsel for plaintiff, involved the construction of statutes unlike the one applicable to this case.

It follows that the defendant is entitled to the fund.

Findings or decision in short form may be submitted.

# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,