[No. 5593.]

HAGERMAN v. MUTUAL LIFE INSURANCE COMPANY.

1. **Insurance—Life Policy—Whether Assignable—**A policy of insurance on the life of the husband, for the sole use of his wife, the insurer promising to pay to "the said assured for her sole use if living * * * and if not living, to her children or their guardian for their use," vests absolutely in the children if the husband survive her. A prior assignment by the husband and wife is without effect.—(465)

If in such case the wife survive the husband, the assignee is entitled to the insurance.—(465)

The statutes of New York governing such assignments considered, and held substantially identical with those of Colorado.—(466)

2. **Estoppel—By Conduct—**An estoppel by conduct arises only when the acts or omissions relied upon were animated by a fraudulent purpose, or resulted in injustice. An insurance company is not, by an offer to issue a paid-up policy in lieu of one held under an ineffectual assignment, not procured at its instance, estopped to assert the invalidity of the assignment.—(468)

Nor is the company bound by its offer, without consideration received, to pay a sum of money for such policy.—(468)

3. **Offer of Judgment—Acceptance—**Defendant is not bound by an offer to allow judgment for the sum specified unless the offer is accepted within the statutory limit of five days.—(469)

*Error to Denver District Court*—Hon. P. L. PALMER, Judge.

Messrs. STEWART & MURRAY, for appellant.

Mr. R. T. McNEAL, for appellee.

On October 6, 1898, the plaintiff in error filed her complaint against the defendant in error, in what is now the district court of the city and county of Denver, alleging that, on May 17, 1866, the defendant, a corporation of the state of New York, issued a policy of insurance to one Fannie Heller upon the life of her husband, David Heller. The policy is set out in full in the complaint, and, in so far as material, is as follows:

"This policy of insurance witnesseth, that The Mutual Life Insurance Company of New York, in consideration of the representations made to them in the application for this policy, and of the sum of twenty-two dollars and eight cents, to them duly paid by Mrs. Fannie Heller, wife of David Heller, merchant, and of the semi-annual payment of a like amount on or before the seventeenth days of May and November in every year during the continuance of this policy;

"Do assure the life of the said David Heller of New York, in the County of New York, State of New York, for the sole use of his said wife, in the amount of two thousand dollars.

"And the said company do hereby promise and agree to pay the amount of the said insurance at their office in the City of New York to the said assured for her sole use, if living, in conformity with the statute, and if not living, to her children, or their guardian, for their use, in sixty days after due notice and proof of the death of the said party whose life is hereby insured, the balance of the year's premium, if any, being deducted therefrom."

Some of the express conditions therein are as follows:

"2nd. If the said premiums shall not be paid on or before the days mentioned for the payment thereof  *  *  *  then, in every such case, the said

company shall not be liable for the payment of the sum assured, or any part thereof, and this policy shall cease and determine.

"3rd. In every case when this policy shall cease and determine, or become null and void, all payments thereon shall be forfeited to this company.

"4th. If this policy should be assigned or held as security, written notice shall be given to this company, and due proof of interest produced with proofs of death."

No provision for a paid-up policy, nor for a cash surrender value, appears therein, nor is there any contract for either alleged. The complaint further alleges that, while the policy was in full force and effect, and on February 1, 1884, Fannie and David Heller, for a money consideration, assigned this policy in writing, and delivered it, to one Henry Body, and thereafter the policy was assigned in writing and delivered to various successive assignees, until finally it came to the plaintiff, on June 11th, 1891; that all the assignments were made in Colorado; that defendant was notified of these assignments, and assented thereto; that Fannie died on the ... day of ...., 18.., and thereafter David paid all of the premiums on the policy until the year 1897; that he defaulted in that year, and has ever since failed to pay any part of the premiums; that the plaintiff, upon learning of the failure to pay the premiums, took steps to protect herself by applying to the defendant for a paid-up policy in lieu of the original one, and was informed by defendant that upon the return and surrender of the original, a paid-up policy would be issued to her in lieu thereof for the sum of $1,886.00; that she delivered the original policy to the defendant, with her application for the paid-up policy, in January, 1898; that the defendant failed to deliver any policy

to her or pay her the value thereof, alleged to be $1,000.00, for which sum damages were prayed.

The answer admits the issuance of the policy; is silent as to the assignments; denies that the policy was issued for the benefit of any person, except those therein named as beneficiaries, and alleges that these had no interest, except in the contingencies specified therein; admits that plaintiff surrendered the policy in January, 1898, and avers that it was not the property of plaintiff; admits that it never delivered a paid-up policy, though requested to do so, and admits that defendant never paid plaintiff any sum whatever; denies that the policy was worth any sum, and alleges that Fannie Heller died leaving children surviving her; that the title to the policy was in those children, and that David Heller was then alive. The replication did not deny that Fannie Heller left children surviving her, nor that David was yet alive.

The case was tried, judgment was for the plaintiff, and defendant appealed to the court of appeals, where the judgment was reversed.—*Mut. Life Ins. Co. v. Hagerman,* 19 Col. App. 33. After the return of the case from the court of appeals, the plaintiff filed an amended complaint, substantially setting up the matters contained in the original one, and further alleging that, in February, 1898, the defendant had in its possession the original policy, all the written assignments thereof and plaintiff's application for a paid-up policy, and the defendant issued to plaintiff a paid-up policy in lieu of the old one. Whether it was actually issued, or merely issued by indorsement on the application, is not clear from the complaint. It was never delivered to plaintiff. The amended complaint further alleges that, by letter dated July 2, 1898, the plaintiff applied to the defendant to pay her the surrender or cash value of

this paid-up policy; that in response to said letter, the defendant offered her $810.00 for the paid-up policy, which offer she at once accepted, and so informed the defendant, whereby defendant became indebted to her in the sum of $810.00; that the defendant has appropriated the original and paid-up policies to its own use, and still owes the plaintiff $810.00; that defendant now claims that Fannie Heller died, leaving children who became entitled to the original policy at her death, and that the defendant knew this at the time it issued its paid-up policy, and at the time it offered to pay the $810.00 for the same; that the defendant is estopped by its acts to deny that the plaintiff is the owner of the policies, or to set up ownership in the children. The complaint further sets out certain statutes of the state of New York, giving to married women the right to take out insurance on the lives of their husbands and to assign the policies, and the complaint alleges that, by the assignment from Mr. and Mrs. Heller, the plaintiff became the absolute and unqualified owner of the policy, and all rights of action thereunder. Finally, the complaint alleges that, as shown by the record, the defendant tendered to the plaintiff the sum of $100.00, and costs to date; that after the cause was remitted from the court of appeals to the district court for a new trial, the plaintiff, owing to her financial situation, notified the defendant that she would accept its tender of $100.00, and consent to the dismissal of the case, or such other course to be taken therein as defendant might suggest, looking to the final ending of the same, and thereupon the defendant wholly withdrew its offer, and claimed that it was not bound thereby; that on account of the matters and things set forth in her complaint, the plaintiff has been damaged over $1,000.00, and prays for the $810.00, with interest thereon.

The following offer of judgment and receipt appears as filed on March 18, 1899, to wit:

"The defendant hereby offers to allow the plaintiff to take judgment against it herein for the sum of $100.00 and the costs of this action to this date.

"WILLIAM R. BARBOUR,
"Defendant's Attorney.

"Receipt of a duplicate of the foregoing offer of judgment is hereby acknowledged this seventeenth day of March, A. D. 1899.

"STUART & MURRAY,
"Plaintiff's Attorneys."

The complaint is fully set out in this opinion for the reason that, upon motion of the defendant, the court below rendered judgment on the pleadings against the plaintiff, and from that judgment she now comes to this court.

After stating the facts as above,

Mr. JUSTICE MUSSER delivered the opinion of the court:

The plaintiff devotes considerable space in her brief to a discussion of the question of the power of Fannie Heller to assign the policy of insurance, and claims that, under the laws of New York, she had such right. It is not necessary to discuss this question. The defendant grants that she had the power and right to assign the policy. It seems that, by her complaint, the plaintiff claims that, by the assignment from the Hellers, she became vested with the absolute and unqualified ownership of the policy and all rights thereunder, and that, therefore, she is the owner of the paid-up policy, which she alleged was issued to her, and inasmuch as the defendant offered her $810.00 for this policy, which offer she accepted, she is now entitled to recover the money offered her; or, even if she was not the owner of the orig-

inal policy and all rights of action thereunder, the
defendant, by its acts, is estopped to deny that she
is such owner; and, lastly, if she is wrong in the
foregoing claims, that she ought to recover $100.00
on account of an offer made to her at one time by
the defendant, which offer appears in the record.

If the effect of the assignment of the policy by
Mrs. Heller is as the plaintiff contends, then the
rights of her children therein were entirely cut off.
The contract of the company was, that, at the death
of David Heller, it would pay the amount of the
policy to Fannie Heller, if living, and, if not living,
to her children. If there was no assignment, and
the policy kept in force, Fannie Heller having died
before David Heller, it is clear that the policy would
be payable to her children upon the death of her
husband. It is also clear that, if Mrs. Heller was
living at the time of her husband's death, the amount
of the policy, if in force, would be payable to her, or
if she had assigned it, to her assignee. The plain-
tiff contends that, by the assignment from Fannie
Heller, the amount thereof, if in force, was payable
to the assignee, in any event, upon the death of David
Heller. The assignment could not have such an
effect. The interest of Mrs. Heller in the policy was
contingent upon her survival of her husband, and
she could transmit no greater interest than she had.
When she died, her husband still living, her inter-
est and that of her assignee ceased, and all rights in
the policy inured to her children. This is clearly
and ably upheld in the opinion of the court of ap-
peals above referred to, where so many authorities
are cited that it is unnecessary to repeat them.

No further comment would be made on this
branch of the case, were it not for the able brief and
argument of counsel for plaintiff relative to certain
statutes of the state of New York, which are set

forth in the complaint, and which were not before our court of appeals. The plaintiff maintains that the effect of the assignment of the policy by Mrs. Heller is to be determined by the laws of the state of New York. It need not be determined whether the laws of the state of New York or of Colorado ought to govern, for the reason that the laws are the same in effect.

By an act of 1840, a married woman in the state of New York was permitted to take out insurance on the life of her husband for any sum which she and the company might contract for. It was held that such policies were not assignable.—*Eadie v. Simmons*, 26 N. Y. 9. It appears, from the complaint, that, by an act of 1873, a married woman in New York was enabled to assign a policy upon the life of her husband, if she had no children, and, by an act of 1879, she was given power to assign a like policy, in any event, with the consent of her husband. These were simply enabling statutes; they were intended to enable a married woman to do that which she theretofore had no power to do. Nowhere in these statutes is any power given to a married woman to assign the interest of her children in any policy. It was said, by Putman, J., *Travelers Ins. Co. v. Healey*, 33 N. Y. Supp. 919, that the law authorizing a married woman to assign such a policy with the written consent of her husband, contains no authority for her to assign the interest reserved to her children by the express terms of the policy. No case from New York is cited, nor are we able to find any, in which it is held that the assignment of such a policy as the one set forth in the complaint bars the express rights of the children therein. Speaking of such a policy, payable to one Mrs. Finn, if living, at the death of her husband, if not living, to her children, the New York court of appeals said:

"If Mrs. Finn survived her husband, the sum mentioned in the policy was payable to her. When she died before her husband, the only persons interested in the policy were her children then living, and the whole policy, as a chose in action, belonged to them. They held vested interests therein, as they could in any other chose in action payable at a future time."—*U. S. Trust Co. v. Mut. Ben. L. I. Co.,* 115 N. Y. 152. Mrs. Heller's assignment, at most, passed her interest in the policy, which ended with her death. She died before her husband. In such event, the policy, by its express provisions, was payable to her children. The latter, and not her assignee, would be entitled to receive the amount of the policy, were it in force at the death of Mr. Heller.—*Knickerbocker L. Ins. Co. v. Weitz,* 99 Mass. 157. The case of *Anderson v. Goldsmidt,* 103 N. Y. 617, does not sustain the contention of plaintiff. In that case, there was an endowment policy, payable to Mrs. Goldsmidt in 1885, or, upon the death of Mr. Goldsmidt, should he die before that time. The policy provided that, in case of the death of Mrs. Goldsmidt before her husband, the amount of the insurance should be payable to her children. Mr. and Mrs. Goldsmidt assigned the policy to Anderson. It matured in 1885, while Mrs. Goldsmidt was living. In such a case, if she had not assigned the policy, all rights therein would have been hers, and the court held that her assignee was entitled to collect the policy. In the present case, if Mr. Heller had died and Mrs. Heller had survived him, the policy being in force, her assignee would certainly have the entire interest in the policy, but no such case is presented here.

Plaintiff claims that it appears by her complaint that the defendant is estopped from denying that she has any interest in the policy, or to set up ownership in the children. An estoppel of the nature of the one

contended for by plaintiff arises only when the con-
duct of the party estopped is fraudulent in its pur-
pose or unjust in its results.—2 Herm. Est., § 731.
What defendant did with respect to the paid-up pol-
icy and the surrender value, was certainly not fraud-
ulent in its purpose. Was it unjust to plaintiff? Was
plaintiff thereby induced to give up anything, or to
change her position to her detriment? She had in
her possession an insurance policy in which, we have
seen, she had no interest. The defendant did not
induce her to buy this policy. She ought to have
known that it was of no value to her, unless Mrs.
Heller survived her husband, and the policy was
kept in force. Furthermore, before she sent the
policy to the defendant, default had been made in
the payment of the premiums, and, by the express
terms of the policy itself, it had ceased and deter-
mined on account of the nonpayment of the premi-
ums. This was not brought about by any act of
the defendant. There was no provision in the policy,
nor in any contract alleged, whereby the defendant
agreed to issue a paid-up policy or pay cash for the
surrender of this original policy. Whatever it did
do in this behalf, was done voluntarily and without
any consideration. What if it did write a paid-up
policy? It was under no obligation to do so. The
plaintiff paid no consideration therefor. The sur-
render to the defendant of a lapsed policy in which
the plaintiff had no interest, was no consideration.
The defendant never delivered any paid-up policy
to the plaintiff. If such a one was written, it does
not appear, from the complaint, to whom it was
payable. We can not presume it was payable to the
plaintiff, in any event. If any presumption is to be
indulged, we must presume that the paid-up policy
was payable the same as the original one—that is,
to her children, if Mrs. Heller died before her hus-

band. Plaintiff would have no interest in this paid-up policy. What if the defendant did say it would pay $810.00 for the paid-up policy, which, it appears, was never delivered to the plaintiff? There was no provision in the original policy that it would do so, and, so far as appears from the complaint, there was no such provision in the alleged paid-up policy. The offer of defendant to pay $810.00 was an offer to make the plaintiff a gift of that amount. It therefore appears that the plaintiff, when she began negotiations with defendant, started with nothing, afterwards gave up nothing, and, for this, now claims that the defendant should pay her $810.00. Is it unjust for the defendant to say that it will not give up $810.00 for nothing?

With respect to the claim of plaintiff on account of the offer of $100.00, referred to in the complaint as appearing in the record, it appears that, on March 18, 1899, the defendant served upon the plaintiff an offer to allow plaintiff to take judgment for $100.00 and costs. Plaintiff did nothing toward accepting this offer until after the case had come from the court of appeals. Section 281 of our Code of Civil Procedure provides that the defendant may serve upon plaintiff an offer to allow judgment. If plaintiff accepts the offer and gives notice thereof within five days, he may do certain things and have judgment entered. If the notice of acceptance be not given, the offer shall be deemed withdrawn. In this case, the notice of acceptance was not given as required by the Code, and the offer is deemed withdrawn.

It appearing that plaintiff cannot recover on her complaint, the judgment of the district court will be affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMP-BELL concur.    *Rehearing denied.*